## CIRCUIT COURT OF FAIRFAX COUNTY

The Coves at Wilton Creek
Limited Partnership

v.

Virginia Marine Resources
Commission, et al.

Case No. (Chancery) 103874

By JUDGE LEWIS HALL GRIFFITH

May 6, 1988

This matter is before the Court on a petition for appeal filed by The Coves at Wilton Creek Limited Partnership (The Coves). By its petition, The Coves challenges a decision rendered by the Virginia Marine Resources Commission on August 5, 1987, which denied the issuance of a permit to use a certain portion of the Commonwealth's subaqueous land. For the reasons specified below, the Court finds that the Commission's action was arbitrary and capricious and constituted an abuse of discretion. Consequently, the Commission's decision is reversed and remanded with instructions to grant The Coves's amended application for a permit.

The Coves is a limited partnership which is involved in a condominium project currently under construction on the banks of Wilton Creek in Middlesex County, Virginia. As required by Virginia Code § 62.1-3 (Repl. Vol. 1987), The Coves filed an application with the Virginia Marine Resources Commission for a permit to build forty-nine open-pile wet boat slips, a community boat ramp, and related mooring facilities over the Commonwealth's subaqueous land situated in the bed of Wilton Creek. After conducting hearings on June 2, 1987, and August 4, 1987, the Commission

declined to issue a permit, in part because it recognized that a rule of the Virginia Health Department would automatically require the seasonal condemnation of an oyster planting ground which lies within a one-eighth of a mile radius from The Coves's proposed project. In reaching its decision, the Commission apparently relied upon, or was at least influenced by, the provisions of its own "Subaqueous Guidelines" which embrace the view that the siting of a marina is a complicated process requiring careful consideration of numerous factors. One of those concerns is the potential, and preferably avoidable, condemnation of shellfish planting grounds which, in part, depends upon the further degradation of water quality in presently condemned areas.

The Coves contends that the Commission's refusal to issue a permit was arbitrary and capricious and constituted an abuse of its discretion under Virginia Code Section 62.1-3. It argues that the Commission failed to exercise its power in compliance with the statute; exceeded its authority by denying a permit on the ground that shellfish condemnation would occur, a purpose not contemplated by the statute; and premised its determination on grounds which are without support in either fact or law.

The Commission asserts that its action was neither arbitrary nor capricious nor in excess of its statutory authority. It argues that, based on the evidence analyzed in light of the considerations set out in § 62.1-3, it determined that The Coves's proposal would produce an adverse impact on the area's water quality, shellfish resources, and neighboring properties. Therefore, argues the Commission, it relied upon its own expertise in declining to issue a permit, a decision clearly within the scope of its authority.

The statutory authority which confers upon the Commission the discretionary power to issue permits authorizing the use of the Commonwealth's ocean, bay, river, stream, and creek beds is codified at Virginia Code § 62.1-3 (Repl. Vol. 1987). That section provides that, in exercising its power, the Commission is to be guided by Article XI, Sect. 1, of the Constitution of Virginia and is to consider, among other things:

the effect of the proposed project upon other reasonable and permissible uses of state waters and state-owned bottomlands, its effect upon the marine and fisheries resources of the Commonwealth, its effect upon the wetlands of the Commonwealth [unless such effect has been or will be determined pursuant to Va. Code Section 62.1-13.1 *et seq.*], and its effect upon adjacent or nearby properties, its anticipated public and private benefits, and, in addition thereto, the Commission shall give due consideration to standards of water quality as established by the State Water Control Board.

Va. Code § 62.1-3. In essence, the Commission is required to consider a number of competing factors, balance them in light of the evidence presented, and either grant or deny a permit accordingly. A review of the record in this case, however, reveals that the Commission failed to comply with its statutory mandate in two respects.

First, although the record suggests that the Commission received evidence on the various statutory factors, the extent to which they were considered in relation to one another is not entirely clear. The record does demonstrate, however, that the Commission was primarily concerned with the seasonal condemnation of oyster beds which would automatically result by virtue of Virginia Health Department policy and regulation. Indeed, as evidenced by the Commission's Notice of Final Action dated August 5, 1987, The Coves's application was denied on the ground that "the anticipated impacts on water quality and the seasonal closure of oyster planting grounds would contribute to degradation of the habitat upon which the marine resources of the Commonwealth depend."

To the extent that the Commission's decision is based solely on shellfish condemnation, it abused its discretion under the provisions of § 62.1-3. Although oyster condemnation is an important and relevant consideration under the statute, it is but one of a number of equally important factors which must be considered before the Commission is authorized to act. Since neither the hearing transcripts nor the Notice of Final Action evince a consideration of all of the factors spelled out by Section

62.1-3, or specify how those factors influenced the Commission's deliberations, the Court has no choice but to conclude that the Commission abused its discretion by not evaluating all of the relevant considerations.

Second, even assuming that the Commission made the requisite findings, the Court is unable to conclude that the Commission's decision is supported by substantial evidence. Under Virginia Code § 9-6.14:17 (Repl. Vol. 1985), it is the manifest duty of the Court, when reviewing issues on appeal, to determine "whether there was substantial evidence in the agency record upon which the agency as the trier of facts could reasonably find them to be as it did." Evidence is substantial if a reasonable mind might accept the relevant evidence as adequate to support the conclusion. *Atkinson v. ABC Commission*, 1 Va. App. 172, 176 (1985). An agency's findings of fact may only be rejected if, after "considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Id.* (quoting *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 269 (1983)).

The agency record in this case reveals that the Commission's determination cannot withstand even this deferential review. In refusing to issue a permit, the Commission found that The Coves's proposed project would adversely affect the creek's water quality and would require seasonal closure of existing oyster grounds. It further found that both of these conditions would contribute to the degradation of the habitat upon which the Commonwealth's marine resources depend. The evidence, however, simply does not support this determination.

Although seasonal condemnation is certain to occur by virtue of Health Department policy, the evidence shows that the shellfish grounds which will be affected have not been commercially worked for fifteen years and have neither been nor will be productive since the substrate is generally not conducive to oyster growth. Indeed, because of these circumstances, none of the potentially effected current oyster leaseholders objected to The Coves's proposal or to the issuance of the requested permit.

The evidence also shows that, although The Coves's planned facilities will have the potential to degrade water quality, the extent of degradation, if any, is not quantifiable. In fact, the Virginia Institute of Marine

Science, the organization which conducted the study, concluded that any activity which would require condemnation of *productive* oyster ground should not be approved. As already noted, the shellfish grounds which would be affected by The Coves's project has not been, and is not likely to be, productive.

The Court finds that the Commission's finding that The Coves's project would contribute to the degradation of the habitat upon which the Commonwealth's marine resources depend is not supported by substantial evidence. There simply are no, nor is there likely to be any, productive marine resources which will depend upon the potentially affected habitat. Nor is there any evidence which supports the conclusion that either the required seasonal closure or the potential for reduced water quality will further degrade the existing habitat.

In rejecting the Commission's conclusions, the Court is aware that § 9-6.14:17's substantial evidence standard requires great deference to the Commission's findings. However, in order to affirm those findings, the Court must find that the evidence is relevant to the conclusion reached. *Atkinson v. ABC Commission*, 1 Va. App. 172 (1985). This the Court cannot do. Therefore, the Commission's decision is reversed, and the matter is remanded with instructions to grant the permit requested.

### July 5, 1988

This matter is before the Court on a motion filed by the Virginia Marine Resources Commission which seeks reconsideration of my letter ruling issued on May 6, 1988. I have carefully reviewed the briefs and oral arguments of counsel, as well as the authorities upon which they rely. For the reasons specified below, I deny the Commission's motion.

By its motion, the Commission asks that I reconsider my decision in light of *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988). It contends that *Johnston-Willis*, which was announced just two days after I issued my opinion, enunciates certain principles relating to the applicable standard of review which governs the case at bar and which, when properly applied, demonstrates that I erred as a matter of law in concluding that the Commission's decision

was not supported by substantial evidence. More specifically, the Commission respectfully suggests that I erred by failing to accord the appropriate degree of deference to its decision, that I erred by failing to consider the experience and specialized competence that it possesses, as well as the purposes of the basic law under which it is entitled to act, and that I erred by substituting my own independent judgment for that of the Commission. As a result, the Commission requests that I affirm its decision, or, in the alternative, remand the matter for further consideration.

The standard of review to be applied in this case is the substantial evidence standard prescribed by Section 9-6.14:17 of the Administrative Process Act. The decision in *Johnston-Willis* does not change that standard with respect to the review of factual issues on appeal; it merely elaborates upon, at great length, the appropriate degree of deference to be accorded an agency's findings of fact. When a court reviews an agency's findings which fall within its particular area of expertise and specialized competency and the General Assembly has entrusted that agency with wide discretion, the agency's decision is entitled to special deference:

> [J]udicial interference is permissible only for relief against *the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion.* The reviewing judicial authority may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function.

*Johnston-Willis,* 6 Va. App. at 244 (quoting *Virginia Alcoholic Beverage Control Commission v. York Street Inn,* 220 Va. 310, 315 (1979) (other citations omitted (emphasis added)).

In the case at bar, the Commission's decision was accorded the appropriate degree of deference as required by § 9-6.14:17 and as discussed in *Johnston-Willis.* Indeed, my initial decision addressed § 9-6.14:17's substantial evidence standard and the great deference to be given

the Commissioner's findings. Nonetheless, I found the Commissioner's action to be arbitrary and capricious and an abuse of its discretion, since the Commission failed to consider all of the factors delineated by Virginia Code § 62.1-3. I further found that the conclusion it did make was not supported by substantial evidence. Indeed, when compared to the action of the State Health Commission in *Johnston-Willis*, it is evident that the Commission in this case failed to comply with its statutory mandate.

Under the circumstances of this case, I find that it would be inappropriate to affirm the Commission's decision and that no further purpose could be served by reversing its decision and remanding the matter for further consideration. Consequently, the Commission's motion is denied.