336 S.E.2d 527 (1985)
Eldridge Maurice ATKINSON t/a Jackie's Place
v.
VIRGINIA ALCOHOL BEVERAGE CONTROL COMMISSION.
Record No. 0025-85.
Court of Appeals of Virginia.
Argued June 25, 1985.
Decided November 6, 1985.
*528 Charles B. Phillips, Salem (Phillips, Doherty & Swanson, Salem, on brief), for appellant.
Donald A. Lahy, Asst. Atty. Gen. (Gerald L. Baliles, Atty. Gen., on brief), for appellee.
Present: KOONTZ, C.J., and COLEMAN and KEENAN, JJ.
KEENAN, Judge.
This appeal is from a decision of the Circuit Court for the City of Roanoke, upholding a determination by the Virginia Alcoholic Beverage Control Commission that the ABC license of Eldridge M. Atkinson, appellant, should be suspended for forty-five (45) days, or in the alternative, for thirty (30) days with a five hundred dollar ($500.00) fine. The basis for this action was that Atkinson's business, Jackie's Place, was so located that violations of the Alcoholic Beverage Control Act or the laws of the Commonwealth relating to peace and good order had resulted from issuance of a license to him. Code §§ 4-31(a)(2)(b), 4-37(A)(3), 4-34(d). The issue on appeal is whether there is sufficient evidence to support the Commission's action.
By notice of hearing dated March 3, 1983, Atkinson was informed that the Commission would conduct a hearing to determine whether his ABC license should be suspended or revoked. The notice to Atkinson charged that a cause existed for which the Commission could refuse to issue a license "in that the place occupied by you is so located that violations of the ABC Act or the laws of the Commonwealth relating to peace and good order have resulted from issuance of the license and operation thereunder by you in violation of Sections 4-31(a)(2)(b) and 4-37(A)(3) and 4-34(d) of the ABC Act."
An evidentiary hearing was held on April 21, 1983. The hearing officer found that Jackie's Place is located in a mixed business and residential area in the City of Salem. It is patronized by the general public. Atkinson has owned the building where Jackie's Place is located since 1944. Originally, he operated a restaurant there, but later rented it to others. The ABC license of Atkinson's last tenant was revoked by order of the Commission dated April 29, 1981. Among the six substantiated charges, one was that the establishment was so located that violations of the ABC Act or laws of the Commonwealth relating to peace and good order had resulted.
After the tenant's license revocation, Atkinson resumed personal control over Jackie's Place, and was granted an ABC on and off premises license on June 2, 1981. Aware that "bad problems" had existed at this location, he took steps to correct them, including refusal to admit persons who had been drinking, used foul language, or did not present a proper appearance.
*529 Lt. Gwaltney of the Salem Police Department testified that nineteen calls regarding Jackie's Place were received by the Department between January 30, 1982, and December 26, 1982. Of these, one resulted in an arrest for drunk in public. The rest were either unfounded or any trouble had subsided by the time the officers arrived. Lt. Gwaltney testified that the police had responded to fourteen calls at Jackie's Place between January 3, 1983, and April 10, 1983. Of these, two resulted in arrests for drunk in public. Vivian Glass, a waitress at Jackie's Place, testified that one of these arrests resulted from a situation at her residence next to the restaurant.
Officer Gwaltney further testified that several similar establishments in Salem did not generate the number of calls to the Police Department as did Jackie's Place. However, aside from four or five calls in 1982 and one in 1983 that originated from Jackie's Place, he had no way of knowing who made the calls to the police.
On December 8, 1982, an altercation occurred at Jackie's Place which resulted in a patron being convicted of malicious wounding. Officer Gwaltney, who investigated that incident, testified that he observed two patrons in an apparently intoxicated condition, and observed Atkinson serve one of these patrons a beer. The bulk of the testimony concerned this wounding incident of December 8th.
The hearing officer concluded that the charge against Atkinson was substantiated by the evidence of intoxicated patrons buying and consuming beer upon the premises, and by the fight which caused severe injury to a patron. Atkinson's license was suspended for forty-five (45) days provided, however, that upon payment of a five hundred dollar ($500.00) penalty, the suspension would be reduced to thirty (30) days. Further, Atkinson's license was restricted to prohibit the sale or consumption of alcoholic beverages between the hours of 10:00 p.m. and 6:00 a.m.
The Commission adopted the findings and decision of the hearing officer on September 23, 1983. On appeal, the circuit court affirmed that portion of the Commission's order suspending Atkinson's license. The court set aside the restriction on the hours when alcohol could be consumed and sold, finding that it was not supported by the evidence. The final order incorporating these findings by the circuit court was entered on December 12, 1984.
Atkinson contends that the evidence taken before the hearing officer tended to establish, if anything, a violation of Code § 4-37(A)(1)(g) (allowing disorderly conduct on the premises) rather than the violation for which he was charged. The Commonwealth argues that the facts show numerous violations of the ABC laws and the laws of the Commonwealth protecting peace and good order. For that reason, the Commonwealth contends that the Commission was justified under Code § 4-37(A)(3) in suspending Atkinson's license whether or not the evidence supported the specific violation with which he was charged. Code § 4-37(A)(3) states:
That any cause exists for which the Commission would have been entitled to refuse to issue such license had the facts been known; and the Commission may likewise suspend or revoke any license for any other cause designated by this chapter.
Judicial review of suspension decisions are governed by Code § 4-37(D):
Upon judicial review of a suspension or revocation such review or appeal shall extend to the entire evidential record of the proceedings provided by the agency in accordance with § 9-6.14:17 of the Administrative Process Act (§ 9-6.14:1 et seq.) and shall not be limited to the determination of errors of law or a capricious and arbitrary abuse of discretion.
Under Code § 9-6.14:17, the scope of review is limited to whether there was "substantial evidence in the agency record" to support the decision. State Board of Health v. Godfrey, 223 Va. 423, 433, 290 S.E.2d 875, 879-80 (1982). The phrase "substantial evidence" refers to "such relevant evidence as a reasonable mind might *530 accept as adequate to support a conclusion." Virginia Real Estate Commission v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). The court may reject the agency's findings of fact "only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Bias, 226 Va. at 269, 308 S.E.2d at 125 (quoting B. Mezines, Administrative Law § 51.01 (1981)). This standard is designed "to give great stability and finality to the fact-finding process of the administrative agency." Bias, 226 Va. at 269, 308 S.E.2d at 125.
In addition, we review the facts in the light most favorable to sustaining the Board's action and "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted." Code § 9-6.14:17; Virginia ABC Commission v. York Street Inn, Inc., 220 Va. 310, 313, 257 S.E.2d 851, 853 (1979).
Initially, we reject the Commonwealth's contention that the evidence need not substantiate the violation charged, so long as it substantiates some violation for which the Commission would be entitled to suspend Atkinson's license. It is true that under Code § 4-37(A)(3), cited by the Commonwealth, the Commission may suspend or revoke a license where any cause exists for which it would have been entitled to refuse to issue such license had the facts been known, and for any other cause designated by that chapter. Before the Commission may take such action, however, the licensee is entitled under Code § 4-37(B) to a written notice containing a statement in detail of the grounds or reasons for the Commission's proposed action. In addition, the licensee is entitled to a hearing at which he has the right to produce evidence and to be represented by counsel.
We believe that when the statutory scheme is viewed in its totality, the Commission must notify the licensee of a specific reason for a proposed suspension and the evidence produced must substantiate the violation charged. The licensee's right to produce evidence in his defense would be rendered meaningless were we to adopt the Commonwealth's interpretation of the statute. The Commission may not, therefore, suspend a license for a violation not charged.
The specific reason for suspending Atkinson's license was that his establishment "is so located that violations of the ABC Act or the laws of the Commonwealth relating to peace and good order have resulted from issuance of the license and operation thereunder by the licensee in violation of Sections 4-31(a)(2)(b) and 4-37(A)(3) and 4-34(d) of the ABC Act."
Where the Commission seeks to suspend a license pursuant to this section, two things must be shown: first, that violations of the ABC Act or other laws of the Commonwealth relating to peace and good order have taken place at the establishment in question; second, that there is some nexus between these violations and the location of the establishment. The location, in and of itself, must be a relevant factor in the causation of the violations in order to prove that the establishment "is so located that violations of the ABC Act or the laws of the Commonwealth relating to peace and good order have resulted from issuance of the license and operation thereunder."
The Commission's findings support only the first requirement. Even if we assume that Officer Gwaltney's testimony was enough to establish that violations had occurred at Jackie's Place, there is no evidence to connect these events with the location of the restaurant, other than the mere fact that that is where they took place.
It cannot be said that Jackie's Place is so located that violations have occurred simply because a large number of calls have been made to the police regarding it. The Commission did not know who made these calls and the testimony of Officer *531 Gwaltney indicated that all but three were either unfounded, or that the trouble, if any, had cleared by the time the police arrived. The three arrests were for drunk in public; but there is no evidence to suggest that the location of Jackie's Place contributed to the crimes. Similarly, no evidence suggests that the location of Jackie's Place contributed in any way to the malicious wounding incident.
Furthermore, it cannot be said that Jackie's Place is so located that violations have occurred because an earlier licensee had problems there. Although Atkinson knew of these prior problems when he obtained his license, the same can be said of the Commission when it issued the license. The prior problems and license revocation of the former licensee, although circumstances which can be considered, do not prove, without more, that the establishment is so located that violations have resulted from the issuance of the license. Therefore, the causal relationship or nexus between location and ABC Law violations has not been established. Location has not been shown in this proceeding to have contributed either to the prior problems or the malicious wounding incident which occurred during operation by the current licensee.
We recognize that the substantial evidence standard accords great deference to the findings of the administrative agency, but even under this standard the evidence must be relevant to the conclusion reached. We find that there is not substantial evidence in the record to support the Commission's suspension of Atkinson's ABC license on the grounds that his establishment is so located that violations of the ABC Act or the laws of the Commonwealth relating to peace and good order have resulted from issuance of the license and operation thereunder by him. The order of the circuit court upholding the Commission is, therefore, reversed.
Reversed and Dismissed.