## CIRCUIT COURT OF THE CITY OF RICHMOND

Barker Microfarads, Inc.

v.

Virginia Employment Commission

March 6, 1992

Case No. HB 965–2

BY JUDGE ROBERT L. HARRIS, SR.

Before the court is Barker Microfarads, Inc.'s Petition for Review. Petitioner seeks review of the August 9, 1991, determination of the Virginia Employment Commission that the petitioner shall be assigned the experience record of Sprague Electric Company for the payment of unemployment insurance. The Commission determined that petitioner was the successor to the business of Sprague Electric Company. For the reasons set forth below, the determination of the Virginia Employment Commission's Special Examiner is reversed, and petitioner shall be liable as a new employer for the payment of taxes pursuant to the Virginia Unemployment Compensation Act.

On review, this court must consider evidence in the light most favorable to the findings of the Commission. *Atkinson v. ABC Commission*, 1 Va. App. 172, 176, 336 S.E.2d 527, 529–539 (1985). Virginia Code § 60.2–500(B)(1) dictates that "the Commission's findings of facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." The Commission's findings of fact are supported by the evidence and accepted as conclusive.

Sprague Electric Company (Sprague) had been established as a Virginia employer for quite some time. It is a large company with its Aluminum Division centered in Lansing, North Carolina. The company's only Virginia operation was a satellite plant of the Aluminum Division near Hillsville. This plant was in the business of manufacturing

axial aluminum electrolytic capacitors in several different product lines. The company employed several hundred people at the Hillsville location.

Sprague decided that it would be more economical to consolidate its most profitable product lines in North Carolina so as to eliminate the need for the Hillsville satellite plant. Inasmuch as the closing of the plant would have a significant negative impact on the local economy, certain overtures were made to see if anything could be done to save the jobs which were scheduled to be lost. Eventually, a solution was reached.

Benny Barker had worked for Sprague for approximately twenty-five years, last in the position of General Manager and Vice President for the Aluminum Division. He left that position in December, 1990, several months after forming the Barker Microfarads Company (Barker). Using his own and contributed capital, as well as a loan from the Mount Rogers Planning and Development Commission, he was able to purchase Sprague's inventory and some of the manufacturing equipment in the Hillsville plant. He also obtained some equipment from North Carolina to replace other equipment which Sprague wished to retain and remove. The purchase was partially financed by Sprague, and Barker arranged to lease the Hillsville plant.

In mid-September, employees were first hired by Barker and were sent to North Carolina to train in their duties at Sprague plants there. On October 1, 1990, Barker started manufacturing operations in Hillsville while, at the same time, Sprague's were winding down. As additional product lines were started up under the Barker name, the Sprague operations were removed during this period of transition which ended in December with Mr. Barker stepping down from his former position to become full-time President of the new company. In order for Barker to operate, it was necessary for many of the local employees of Sprague to take a cut in wages and benefits. Nevertheless, nearly 200 former Sprague employees made the transition. Mr. Barker had to set up departments for product design, human resources, and materials management from scratch inasmuch as, under the

previous management, those departments had been central-ized in North Carolina.

Barker is engaged in the manufacture of miniature axial leaded capacitors which represents approximately 20% of what the Hillsville satellite plant used to manufacture for Sprague. The remainder of the new company's production consists of items which had been previously manufactured in North Carolina for Sprague, as well as new lines which have been subsequently developed in Virginia. The company has entered into an agreement by which Sprague markets its products.

The Unemployment Insurance Tax Representative determined that petitioner was a successor to the business of Sprague so as to also become a successor to the predecessor company's tax rate in accordance with the provisions of Section 60.2–535 of the Code. It was petitioner's contention that it should be considered a new corporation which should not have to inherit Sprague's former tax rate in Virginia.

Virginia Employment Commission, Liability Decision No. L-310, pp. 1–2 (August 9, 1991).

Virginia Code § 60.2–535 provides in part:

Whenever any employing unit in any manner succeeds to or acquires the organization, trade, separate establishment or business, or substantially all the assets thereof, of another employer subject to this title, the succeeding or acquiring unit shall be assigned the experience record of the predecessor . . . .

When a successor acquires an employing unit by partial acquisition, the succeeding employer shall provide within 30 days of notification by the Commission, information relating to the division of taxable payroll for partial acquisitions.

Virginia Code § 60.2–535.

Based on the Commission's findings of fact, petitioner has not succeeded to or acquired Sprague within the meaning of § 60.2–535. The statute requires that a petitioner be assigned the experience record of Sprague if either of two situations occur: Petitioner acquired or succeeded to the organization, trade, separate establishment or

business of Sprague, or petitioner acquired or succeeded to substantially all of the assets of Sprague. Petitioner meets neither condition.

Petitioner purchased a small percentage of the assets of Sprague's Hillsville satellite plant. Sprague retained the remainder of its assets, transferring them to other facilities. Clearly, petitioner has not acquired or succeeded to substantially all of the assets of Sprague.

Similarly, petitioner has not acquired or succeeded to Sprague's business. Although petitioner is engaged in the manufacture of capacitors, petitioner currently produces only a small percentage of products previously manufactured by Sprague at the Hillsville plant. To come within this portion of § 60.2–535, it would be necessary for the successor entity to acquire the essence of the prior business. Petitioner has not acquired the business of the Sprague Hillsville plant within the meaning of § 60.2–535. It would be patently unfair to impose Sprague's experience rating on petitioner as petitioner has purchased limited assets of Sprague. Petitioner has not reaped the benefits of purchasing an ongoing business and should not be saddled with Sprague's experience rating.

Finally, there has been no partial acquisition pursuant to § 60.2–535. The statute requires a division of taxable payroll upon partial acquisition. This is impossible in the case at hand, as Sprague ceased employing workers in Virginia when the Hillsville satellite facility was closed.

Petitioner shall receive a new employer rating pursuant to the Virginia Unemployment Compensation Act.