COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CHARLES H. CUTHBERT, JR.

v.   Record No. 2106-94-2

VIRGINIA ALCOHOLIC BEVERAGE
 CONTROL BOARD, ET AL.

MEMORANDUM OPINION[*]
PER CURIAM
MAY 23, 1995

FROM THE CIRCUIT COURT OF
THE CITY OF PETERSBURG
Oliver A. Pollard, Jr., Judge

(Charles H. Cuthbert, Jr., pro se, on
brief).

(James S. Gilmore, III, Attorney General;
Michael K. Jackson, Senior Assistant
Attorney General; J. Patrick Griffin,
Assistant Attorney General, on brief), for
appellee Virginia Alcoholic Beverage
Control Board.

No brief for appellee Harry Lee Cooper,
t/a The XYZ Convenience Store.


The Virginia Alcoholic Beverage Control Board (ABC Board)

granted a wine and beer off-premises license to Harry Lee Cooper

for the XYZ Convenience Store.  Charles H. Cuthbert, Jr., appeals

the decision of the circuit court affirming that ruling and he

raises a single issue on appeal:  whether the ABC Board abused

its discretion or erred as a matter of law by granting the off-

premises wine and beer license for the XYZ Convenience Store.

Upon reviewing the record and briefs of the parties, we conclude

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

On appeal, "[t]he sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision."  Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988).  "The court may reject the agency's findings of fact 'only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'"  Atkinson v. Virginia Alcoholic Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985) (citation omitted).  Moreover, "where the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts."  Johnston-Willis, Ltd., 6 Va. App. at 244, 369 S.E.at 8.  "A court may not merely substitute its judgment for that of an administrative agency."  Jackson v. W., 14 Va. App. 391, 400, 419 S.E.2d 385, 390 (1992).

Code § 4.1-222 grants the ABC Board discretion to refuse to issue a license in instances where an applicant's place of operation "[i]s so located that granting a license and operation thereunder . . . would result in violations of this title . . . or violation of the laws of the Commonwealth or local ordinances relating to peace and good order."  Code § 4.1-222(A)(2)(b).  Cf. Code § 4.1-223 (circumstances where license prohibited).  The

2

hearing officer found, and the ABC Board confirmed, that Cuthbert's objection to the issuance of the off-premises wine and beer license was substantiated by the evidence. Nevertheless, the ABC Board determined that the license should issue and that the licensee should be placed on probation for one year.

The ABC Board was acting within its discretionary authority in issuing the license subject to a one-year probationary period. The decision was supported by evidence which indicated that the licensee was seeking to minimize any breaches of the laws or disturbances to the peace and good order. The ABC Board's findings of fact noted that the licensee already had implemented specific steps to that end, such as providing the habitual loiterers with bags for their trash and discouraging panhandlers from gathering in front of his store. The ABC Board also found that the premises in which the licensee now operates his store had previously been vacant for several years and that the licensee needed the off-premises wine and beer license in order to compete with similar businesses in the area.

Therefore, we affirm the circuit court's ruling that the ABC Board's decision to grant the license, subject to a one-year probationary period, was within the board's statutory authority and was based upon substantial evidence. Accordingly, the judgment of the circuit court is summarily affirmed.

<u>Affirmed.</u>