COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis, and Overton
Argued at Alexandria, Virginia


SNH CORPORATION,
 t/a SHILLA GARDEN RESTAURANT

v.        Record No. 0746-95-4       MEMORANDUM OPINION[*] BY
                                    JUDGE NELSON T. OVERTON
VIRGINIA ALCOHOLIC BEVERAGE              JANUARY 11, 1996
 CONTROL BOARD


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Jeanne Swanick Lauer (P. H. Harrington, Jr.;
Lauer & Lauer, P.C., on brief), for
appellant.

John Patrick Griffin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General; Michael K. Jackson, Senior Assistant
Attorney General, on brief), for appellee.


     SNH Corporation, operating Shilla Garden Restaurant, appeals

from a trial court's order affirming the Alcoholic Beverage

Control (ABC) Board's decision to revoke its beer and wine and

mixed beverage licenses.  Finding no error, we affirm the

judgment.

     In the spring of 1994 Shilla Garden was investigated by the

Fairfax County Police and the ABC.  At the close of this

investigation, a hearing officer heard testimony to determine

whether Shilla Garden had violated any laws or ABC regulations.

The hearing officer found that violations had occurred and fined

_____

     [*]Pursuant  to  Code  §  17-116.010  this  opinion  is  not
designated for publication.

Shilla Garden a total of $1250 and suspended both licenses for 30 days.  The ABC Board reviewed the decision and, after a hearing, revoked both licenses.  SNH Corporation appealed to the Circuit Court, which found sufficient evidence in the record to support the Board's decision.

On appeal, we review the facts in the light most favorable to sustaining the Board's action and "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."  Code § 9-6.14:17; Atkinson v. Virginia ABC Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985); Virginia ABC Comm'n v. York St. Inn, Inc., 220 Va. 310, 313, 257 S.E.2d 851, 853 (1979).  Code § 9-6.14:17 limits the scope of review to whether there was "substantial evidence in the agency record" to support the decision.  State Bd. of Health v. Godfrey, 223 Va. 423, 433, 290 S.E.2d 875, 879-80 (1982).  "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 299 (1938)).

Using this standard of review, we find sufficient evidence in the record below to support the decision of the Board.  The Board acted within its statutory authority and committed no error.

<u>Affirmed.</u>