COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Kelsey and Senior Judge Hodges


7-11, INC.,
 STORE NO. 2585-32140
                                        MEMORANDUM OPINION*
v.   Record No. 2740-02-4                  PER CURIAM
                                           JUNE 3, 2003
VIRGINIA ALCOHOLIC BEVERAGE
 CONTROL BOARD


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                       Ann Hunter Simpson, Judge

              (P.H. Harrington, Jr., on brief), for
              appellant.

              (Jerry W. Kilgore, Attorney General;
              Francis S. Ferguson, Deputy Attorney General,
              on brief), for appellee.


     The Virginia Alcoholic Beverage Control Board (ABC) suspended

the alcoholic beverage license of 7-11, Inc., Store No. 2585-32140

(7-11).  7-11 appealed that decision to the circuit court, which

upheld ABC's determination.  7-11 now appeals to this Court,

arguing that (1) it was denied due process because ABC did not

grant it a full, fair and impartial hearing, and (2) ABC failed to

follow requisite procedures in conducting the hearing.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the circuit court's decision.  See Rule 5A:27.

─────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Standard of Review</u>

This matter arises under the Virginia Administrative Process
Act, Code § 2.2-4000 <u>et</u> <u>seq</u>.  Judicial review of an agency
decision is limited to the following inquiries:

>    1.  Whether the agency acted in accordance
>    with law;
>
>    2.  Whether the agency made a procedural
>    error which was not harmless error; and
>
>    3.  Whether the agency had sufficient
>    evidential support for its findings of fact.

<u>Johnston-Willis v. Kenley</u>, 6 Va. App. 231, 242, 369 S.E.2d 1, 7
(1988).

Under the Act,

>    "[t]he standard of review of an agency's
>    factual findings on appeal to a circuit
>    court is limited to determining whether
>    <u>substantial evidence</u> in the agency record
>    supports its decision."  <u>Avante at</u>
>    <u>Lynchburg, Inc. v. Teefey</u>, 28 Va. App. 156,
>    160, 502 S.E.2d 708, 710 (1998) (emphasis
>    added).  Under the "substantial evidence"
>    standard, an agency's factual findings
>    should be rejected "'only if, considering
>    the record as a whole, a reasonable mind
>    would <u>necessarily</u> come to a different
>    conclusion.'"  <u>Tidewater Psychiatric Inst.</u>
>    <u>v. Buttery</u>, 8 Va. App. 380, 386, 382 S.E.2d
>    288, 291 (1989) (quoting <u>Virginia Real</u>
>    <u>Estate Comm'n v. Bias</u>, 226 Va. 264, 269, 308
>    S.E.2d 123, 125 (1983)).  "The phrase
>    'substantial evidence' refers to 'such
>    relevant evidence as a reasonable mind <u>might</u>
>    accept as adequate to support a
>    conclusion.'"  <u>Bias</u>, 226 Va. at 269, 308
>    S.E.2d at 125 (citation omitted).

*Sentara Norfolk Gen. Hosp. v. State Health*, 30 Va. App. 267,

279, 516 S.E.2d 690, 696 (1999), rev'd, 260 Va. 267, 534 S.E.2d

325 (2000).

Additionally, "the court must review the facts in the light

most favorable to sustaining the Board's action and 'take due

account of the presumption of official regularity, the

experience and specialized competence of the agency, and the

purposes of the basic law under which the agency has acted.'"

*Bio-Medical Applications of Arlington, Inc. v. Kenley*, 4

Va. App. 414, 427, 358 S.E.2d 722, 729 (1987) (quoting former

Code § 9-6.14:17).

However,

> when deciding whether an agency has followed
> proper procedures or complied with statutory
> authority . . . , an inquiry into whether
> there is substantial evidence in the record
> to support findings of fact of an agency is
> wholly inappropriate.  Indeed, even though
> an agency's findings of fact may be
> supported by substantial evidence in the
> record, it may be subject to reversal
> because the agency failed to observe
> required procedures or to comply with
> statutory authority.  See, e.g., *Atkinson v.*
> *Virginia Alcoholic Beverage Control*
> *Commission*, 1 Va. App. 172, 336 S.E.2d 527
> (1985).  Thus, where the legal issues
> require a determination by the reviewing
> court whether an agency has, for example,
> accorded constitutional rights, failed to
> comply with statutory authority, or failed
> to observe required procedures, less
> deference is required and the reviewing
> courts should not abdicate their judicial

-

> function and merely rubber-stamp an agency
> determination.

Johnston-Willis, 6 Va. App. at 231, 369 S.E.2d at 7-8.

## Background

On March 2, 2001, ABC Agent Brian McCarthy met with Daniel Sullins, an eighteen-year-old male, for the purpose of conducting an underage buying operation.  McCarthy and Sullins entered 7-11.  Sullins attempted to purchase a can of beer.  The 7-11 clerk asked for and obtained Sullins' valid Virginia driver's license.  She examined the license, then completed the sale to Sullins.

Thereafter, ABC charged 7-11 with selling alcoholic beverages to a person that it knew or had reason to know was less than twenty-one, in violation of Code §§ 4.1-304 and 4.1-225(1)(c) and 3 VAC 5-50-10.  In the proceeding before the hearing officer, ABC called a single witness, Agent McCarthy.  He testified to the circumstances surrounding the underage buying operation and to his observations at 7-11 the night of the sale to Sullins.  Despite being subpoenaed by ABC, neither Sullins nor a deputy sheriff who was involved in the operation was present at the hearing.  7-11 did not independently subpoena Sullins or the deputy sheriff.  7-11 complained that it was denied due process of law because it was unable to cross-examine these individuals.  The hearing officer rejected this complaint,

-

found that a violation had occurred, and suspended 7-11's license for twenty-five days.

7-11 appealed to the Board. At the hearing before the Board, counsel for 7-11 stated: "Certainly, there's enough evidence to convict and sustain the charge." The Board upheld the hearing officer's decision.

7-11 then appealed to the circuit court. In its order upholding the Board's decision, the court made the following findings:

> The court . . . finds that there was sufficient evidence on record to support the Board's decision, and that reasonable minds would come to the same conclusion based on the facts presented. The court further finds that the licensee relied on the Alcoholic Beverage Control Board's subpoena of the underage purchaser witness to its peril.

> This court further finds that the Alcoholic Beverage Control Board, in rendering its decision, acted in accordance with applicable laws, rules and regulations; and further that the Board did not commit a procedural error.

The court's order also includes the following: "Counsel for respondent [sic] stipulated the sufficiency of the evidence to support the Board's <u>factual</u> finding."

## Discussion

7-11's two questions presented are intertwined; therefore, we will not attempt to separate our discussion of them. Essentially, 7-11 argues that its due process rights were

-

violated and that ABC failed to follow statutory and regulatory procedures when 7-11 was denied an opportunity to cross-examine Sullins and the deputy sheriff.  We disagree.

7-11 contends the agency proceedings were "formal proceedings" as contemplated by Code § 2.2-4020(C) instead of informal proceedings contemplated by Code § 2.2-4019.  For purposes of this memorandum opinion, we accept this contention.

Code § 2.2-4020(C) provides in pertinent part that "the parties shall be entitled . . . to conduct such cross-examination as may elicit a full and fair disclosure of the facts . . . ."  The rules governing formal proceedings mandate that parties "arrange to have their witnesses present" at the hearing, ABC Rule of Practice 1.21(A), and that "any interested party shall have the right to cross-examine adverse witnesses and any agent or subordinate of the board whose report is in evidence," ABC Rule of Practice 1.9(B).

ABC did not violate the statute or the Rules of Practice, and likewise did not violate 7-11's right to due process.  Code § 2.2-4020(C) also states that "[t]he burden of proof shall be upon the proponent or applicant"; here, ABC.  ABC carried its burden through the testimony of Agent McCarthy.  7-11 had the opportunity to fully cross-examine McCarthy.  If ABC felt it could carry its burden despite the absence of witnesses who disobeyed a subpoena, it was entitled to do so.  Nothing in the Code or the Rules of Practice requires otherwise.  As the

-

circuit court noted, 7-11 relied to its detriment on ABC's subpoenas of Sullins and the deputy sheriff and failed to obtain its own subpoenas. Accordingly, we hold that "the agency acted in accordance with law." Johnston-Willis, 6 Va. App. at 242, 369 S.E.2d at 7.

Moreover, even if the circuit court and the agency committed error, in the context of this case that error was harmless. 7-11 conceded before the Board and the circuit court that the evidence was sufficient to find a violation. Thus, 7-11 concedes that ABC met the burden of proof required by Code § 2.2-4020(C), and the absence of Sullins and the deputy sheriff could not affect the outcome of the case. As such, the agency did not make "a procedural error which was not harmless error," and it "had sufficient evidential support for its findings of fact." Johnston-Willis, 6 Va. App. at 242, 369 S.E.2d at 7.

For these reasons, we summarily affirm the decision of the circuit court. See Rule 5A:27.

                                                    Affirmed.

-