COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Clements
Argued at Alexandria, Virginia


MIRABILE CORPORATION, T/A
 CHAPPARRAL MEAT MARKET III
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2126-02-4          JUDGE JEAN HARRISON CLEMENTS
                                          SEPTEMBER 30, 2003
VIRGINIA ALCOHOLIC BEVERAGE
 CONTROL BOARD


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Gaylord L. Finch, Jr., Judge

        Glenn H. Silver (C. Thomas Brown; Silver &
        Brown, P.C., on briefs), for appellant.

        Carla R. Collins, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General;
        Francis S. Ferguson, Deputy Attorney General,
        on brief), for appellee.


     Mirabile Corporation, t/a Chapparral Meat Market III

(Mirabile or licensee) appeals from an order of the circuit court

affirming an order of the Virginia Alcoholic Beverage Control

Board (Board) finding it unlawfully sold alcoholic beverages to an

underage buyer in violation of Code § 4.1-304 and 3 VAC 5-50-10

and imposing sanctions against it under Code § 4.1-225(1)(c).  On

appeal, Mirabile contends the circuit court erred in affirming the

Board's order because (1) the administrative hearing officer

failed to follow requisite procedures in conducting the hearing

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

and (2) the evidence presented was insufficient to prove it violated Code § 4.1-304 and 3 VAC 5-50-10. For the reasons that follow, we affirm the circuit court's judgment.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

The Board is charged with enforcement of the laws of the Commonwealth dealing with the purchase and sale of alcoholic beverages. Code § 4.1-105. One such law, Code § 4.1-304, prohibits the sale of alcoholic beverages "to any person when at the time of such sale [the seller] knows or has reason to believe that the person to whom the sale is made is . . . less than twenty-one years of age." In furtherance of its obligation to enforce this law, the Board, through its enforcement agents, from time to time conducts "underage buyer operations" to determine compliance with the statute.

On July 7, 2000, enforcement agents Barbara A. Storm and David F. Vinson conducted such an operation at the licensee's place of business in Falls Church, Virginia. As a result of that operation, the licensee was charged with violating the statute.

At the hearing before the administrative hearing officer, Storm was the Board's only witness. She testified that, on July

7, 2000, she and Vinson met with Duncan Keith, a young man who was seventeen years of age at the time, for the purpose of conducting an "underage buyer operation." Storm and Vinson reviewed the "underage buyer program" guidelines for conducting the operation with Keith, who had previously conducted many such operations for the agents. In keeping with those guidelines, Keith produced his identification card issued by the Virginia Department of Motor Vehicles, which the agents reviewed. The card indicated that Keith's date of birth was February 23, 1983 and that he would not be twenty-one years of age until February 23, 2004. At the agents' instruction, Keith emptied his pockets and gave them all of his possessions except for the identification card.

At approximately 6:25 p.m., Keith, carrying only his identification card and money the agents had given him for the purpose of attempting to buy alcoholic beverages, entered the licensee's store, followed by Storm. Keith went to the cooler, selected a six-pack of twelve-ounce bottles of Budweiser beer, and went to the cash register. Upon a gesture from the clerk, Keith gave his identification card to the clerk. The clerk, later identified as Carlo Mirabile, looked at the card and returned it to Keith. The clerk then sold Keith the beer for the purchase price of $4.17. Keith left the store.

Agent Storm, who, although not within hearing distance of the transaction, was able to observe what occurred from approximately five to ten feet away, then approached the clerk, identified

- 3 -

herself as an agent of the Board, and obtained his identification. She exited the store and, after meeting with Vinson and Keith, prepared a uniform summons for selling alcoholic beverages to an underage person, which she issued to the clerk. Carlo Mirabile was subsequently convicted of the offense in criminal court.

On cross-examination, in response to the licensee's questions suggesting Keith may have engaged in conversation with the clerk to mislead or trick him about Keith's age or identification, Storm testified that, prior to the transaction, she and Vinson had specifically reviewed with Keith the guidelines that required an underage buyer to answer accurately and truthfully if questioned about his age. Storm further testified that Keith was an experienced buyer who knew she was observing him and knew he would be disqualified from agency service if he engaged in deceptive conduct about his age.

Agent Storm also testified that she took two photographs of Keith that evening, one full length and one close-up. Storm testified the photographs accurately depicted Keith's appearance that evening. The photographs were subsequently admitted into evidence. She further testified that she made a photocopy of Keith's identification card and redacted from it his address and social security number. After Storm identified the photocopy of Keith's identification card as an accurate copy, with her redaction, the hearing officer admitted it into evidence, over Mirabile's objection.

- 4 -

Agent Storm also testified that she attempted to contact Keith to secure his presence at the hearing but was unable to locate him. Storm stated that Keith's mother told her Keith was in boot camp in the United States Marine Corps. Storm believed the boot camp was in North Carolina.

Testifying for the licensee, Carlo Mirabile stated that he asked Keith for identification because, although Keith was tall and appeared to be over twenty-one years of age, the store had a policy of carding anyone purchasing alcoholic beverages if there was "the least bit of question" about whether the buyer was twenty-one. Carlo Mirabile indicated that, when Keith handed him his identification, he thought Keith had given him a driver's license, but he was not certain. When he looked at the identification, Carlo Mirabile testified, his eyes were "kind of blurrious [sic] due to an [automobile] accident [he] had [had] previous[ly]." "[His] eyes," he went on, "weren't focusing on [the card] because all the prices that [he] was running on." The clerk further explained: "When I looked at the ID, it was just so much commotion going on, and a long line, and everybody hollering to move along, and I just looked at it, and as I — I miscalculated." Carlo Mirabile also testified that he did not recall Keith making any statements about his age or the identification document he provided to the clerk. Carlo Mirabile stated that, after Keith left the store and Agent Storm approached

- 5 -

him, he "realized that [he had] sold the beer to [an] underage" buyer.

The hearing officer determined that the charge was substantiated and suspended the licensee's license and privilege to purchase and sell alcoholic beverages for twenty-five days, conditioned upon the payment of a civil penalty of $2,000. The licensee appealed to the Board, which affirmed the decision of the hearing officer. The Board's decision was thereafter affirmed by the circuit court, and this appeal followed.

## II. ANALYSIS

This case arises under the Administrative Process Act, Code §§ 2.2-4000 to 2.2-4033. In an appeal from an agency decision, "the burden is upon the appealing party to demonstrate error." Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998). Judicial review of an agency decision is limited to determining (1) "[w]hether the agency acted in accordance with law;" (2) "[w]hether the agency made a procedural error which was not harmless error;" and (3) "[w]hether the agency had sufficient evidential support for its findings of fact." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1998). The review of an agency's factual findings "is limited to determining whether substantial evidence in the agency record supports its decision." Avante at Lynchburg, Inc. v. Teffey, 28 Va. App. 156, 160, 502 S.E.2d 708, 710 (1998). Under the substantial evidence standard, the reviewing "court may reject the agency's findings of

- 6 -

fact 'only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'" Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (quoting B. Mezines, Administrative Law § 51.01 (1981)). "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Additionally, in accordance with familiar principles of appellate review, "we review the facts in the light most favorable to sustaining the Board's action," Atkinson v. Virginia Alcohol Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985), and "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted," Code § 2.2-4027.

However,

> even though an agency's findings of fact may be supported by substantial evidence in the record, [its decision] may be subject to reversal because the agency failed to observe required procedures or to comply with statutory authority. Thus, where the legal issues require a determination by the reviewing court whether an agency has, for example, . . . failed to observe required procedures, less deference is required and the reviewing courts should not abdicate their judicial function and merely rubber-stamp an agency determination.

<u>Johnston-Willis, Ltd.</u>, 6 Va. App. at 243, 369 S.E.2d at 7-8 (citation omitted).

## A. Procedural Claims

On appeal, Mirabile contends the circuit court erred in affirming the Board's order because the administrative hearing officer failed to follow requisite procedures in conducting the hearing. We disagree.

Mirabile first claims the Board failed to produce Keith as a witness and, thus, deprived it of the fundamental right, afforded it by § 1.9(B) of the Rules of Practice of the Virginia Alcoholic Beverage Control Board, to cross-examine the only witness who could give direct evidence against it of the circumstances of the transaction.

Code § 2.2-4020(C) provides, in pertinent part, that "the parties shall be entitled . . . to conduct such cross-examination as may elicit a full and fair disclosure of the facts." As relevant here, § 1.9(B) of the Rules of Practice of the Virginia Alcoholic Beverage Control Board provides that a "party shall have the right to cross-examine adverse witnesses and any agent or subordinate of the board whose report is in evidence."

Mirabile cites no authority, and we know of none, which compelled the Board to call Keith as a witness. If the Board felt it could carry its burden of proof without Keith's appearance at the hearing, it was entitled to do so. Nothing in

the Code or the Rules of Practice of the Virginia Alcoholic Beverage Control Board required it to do otherwise. Code § 2.2-4020(C) and § 1.9(B) of the Rules of Practice of the Virginia Alcoholic Beverage Control Board gave Mirabile the right to cross-examine any witness called by the Board. Here, the Board's sole witness was Agent Storm, who, the record reflects, was fully subjected to cross-examination by Mirabile. Thus, the relevant provisions of § 1.9(B) and Code § 2.2-4020(C) were satisfied.

Mirabile next claims the administrative hearing officer should not have admitted the photocopy of Keith's identification card into evidence because there was no showing that the original was not readily available, as required by § 1.9(A)(2) of the Rules of Practice of the Virginia Alcoholic Beverage Control Board.

Section 1.9(A)(2) of the Rules of Practice of the Virginia Alcoholic Beverage Control Board provides as follows:

> Secondary evidence of the contents of a document shall be received only if the original is not readily available. In deciding whether a document is readily available, the hearing officer shall balance the importance of the evidence against the difficulty of obtaining it, and the more important the evidence the more effort should be made to have the original document produced.

Agent Storm testified that, on the evening in question, Keith produced the original of his Virginia Department of Motor Vehicles identification card, which she reviewed and

photocopied. She identified the photocopy as a true and accurate copy of the original, subject only to her redaction of Keith's address and social security number. Keith then retained the original. Storm told the administrative hearing officer that she had attempted to secure Keith's presence to testify at the hearing but was unable to do so. Based on information from Keith's mother, Storm believed Keith was in boot camp for the Marines, which was located, she thought, in North Carolina. No evidence in the record contradicts her testimony.

This evidence amply supports the hearing officer's finding that the original of Keith's identification card was not readily available. Thus, the photocopy of Keith's identification card was properly admissible under § 1.9(A)(2).

## B. Sufficiency of the Evidence

Mirabile next contends the evidence presented at the hearing was insufficient, as a matter of law, to prove it violated Code § 4.1-304 and 3 VAC 5-50-10. Mirabile does not dispute that Keith was, in fact, seventeen years of age at the time of the sale or that its employee sold him beer. Mirabile argues, however, that the sole evidence against it—the hearsay testimony of Agent Storm, who was not in a position to know what identification was presented or what conversation was held at the time of the sale—was insufficient to prove the licensee knew or had reason to believe Keith was underage.

We first note that, in proceedings under the Administrative Process Act, "[t]he rules of evidence are considerably relaxed . . ., and the findings of administrative agencies will not be reversed solely because evidence was received which would have been inadmissible in court." Bias, 226 Va. at 270, 308 S.E.2d at 126.  Indeed, it is well established that "hearsay evidence is admissible" at an administrative hearing conducted in accordance with the Administrative Process Act.  See Carter, 28 Va. App. at 141, 502 S.E.2d at 701.  "If the agency relies on hearsay evidence, the court reviewing the sufficiency of that evidence on appeal may give it the same weight as any other record evidence."  Id.

We next note that, in this case, the Board was required to prove that Keith, the purchaser of the alcoholic beverage, was less than twenty-one years of age and that the licensee knew or had reason to believe he was underage at the time of the transaction.  See Code § 4.1-304; 3 VAC 5-50-10.  Upon review of the agency record, we hold the evidence presented, viewed in the light most favorable to sustaining the Board's action, was sufficient to meet that burden.

Agent Storm testified that the only identification Keith had in his possession when he entered the licensee's store was his Virginia Department of Motor Vehicles identification card, which indicated that he was seventeen years of age at the time and that he would not be twenty-one years of age until February

23, 2004. Storm further testified that, upon arriving at the counter with the beer, Keith presented his identification card to the clerk and that the clerk, after looking at the card, sold Keith the beer. Although she could not see the exact identification document Keith produced to the clerk or hear their conversation, Storm said Keith was an experienced buyer who knew he was required to be accurate and truthful about his age or face disqualification from agency service.

The clerk, Carlo Mirabile, testified that, when Keith approached the counter with the beer, he asked him for identification and Keith handed it to him. Carlo Mirabile further testified that he did not recall that Keith made any statements about his age or the identification document. Carlo Mirabile acknowledged that, in looking at Keith's identification card, he miscalculated Keith's age due to his blurred vision and his anxiety about the long line of waiting customers.

We hold that this testimony constitutes substantial evidence in support of the Board's decision that Mirabile knew or had reason to believe that Keith was too young to lawfully purchase the beer he was sold.

Accordingly, we affirm the circuit court's judgment affirming the Board's finding that Mirabile unlawfully sold alcoholic beverages to an underage buyer in violation of Code § 4.1-304 and 3 VAC 5-50-10.

Affirmed.

- 12 -