COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


MARY HALEY

MEMORANDUM OPINION[*] BY
v.        Record No. 0014-06-4          JUDGE ROBERT J. HUMPHREYS
                                        OCTOBER 3, 2006

COMMONWEALTH OF VIRGINIA,
  VIRGINIA REAL ESTATE APPRAISER BOARD


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

John W. Thyden (Thyden, Gross & Callahan, on briefs), for
appellant.

Eric A. Gregory, Assistant Attorney General (Robert F. McDonnell,
Attorney General; James W. Hopper, Senior Assistant Attorney
General, on brief), for appellee.


Mary Haley ("Haley") appeals the trial court's dismissal, with prejudice, of her petition

for appeal regarding the Virginia Real Estate Appraiser Board's ("Board") revocation of her

appraiser's license. Specifically, Haley contends that "she was not afforded due process" by the

Board and that the Board's decision was not based upon "clear and convincing evidence," as

required to revoke her license.[1] For the following reasons, we affirm the judgment below.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication. Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

[1] Haley phrases her second question presented as follows: "Was the decision of the Real Estate Appraiser Board arbitrary and capricious?" The Commonwealth phrases the question presented as follows: "Was the Real Estate Appraiser Board's decision based upon substantial evidence?" The Commonwealth argues, on brief, that the second question presented, as phrased by Haley, does not conform to the specific objection noted on the circuit court's final order. Thus, the Commonwealth contends that it is not properly preserved for appeal. However, when read in conjunction with one another, we find that the question presented is, in essence, a sufficiency of the evidence argument. Thus, we find that it is properly before this Court.

ANALYSIS

In accordance with familiar principles of appellate review, "we review the facts in the light most favorable to sustaining the [Board]'s action," Atkinson v. Virginia Alcohol Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985), and take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted, Code § 2.2-4027.

Crutchfield v. State Water Control Bd., Dep't of Envtl. Quality, 45 Va. App. 546, 555, 612 S.E.2d 249, 254 (2005). When appealing an agency decision to the circuit court, "the burden is upon the appealing party to demonstrate error." Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998). The judicial review of that decision is limited to determining "whether the agency acted in accordance with law," "whether the agency made a procedural error which was not harmless error," and "whether the agency had sufficient evidential support for its findings of fact." Crutchfield, 45 Va. App. at 553, 612 S.E.2d at 253; Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E. 2d 1, 7 (1998).

A. Due Process

Although we generally give great deference to an agency decision, "[i]f the issue falls outside the area generally entrusted to the agency, and is one in which the courts have a special competence, i.e., the common law or constitutional law, there is little reason for the judiciary to defer to an administrative interpretation." Johnston-Willis, 6 Va. App. at 243-44, 369 S.E.2d at 8. Accordingly, when a litigant contends that he was deprived of due process during an administrative proceeding, we review the administrative proceedings *de novo*, giving no deference to the judgment below. See id.; see also Department of Prof'l & Occupational Regulation v. Abateco Servs., 33 Va. App. 473, 479, 534 S.E.2d 352, 355 (2000).

In this case, Haley does not contend that she was deprived of "reasonable notice" or an "opportunity to be heard," as required to satisfy procedural due process. McManama v. Plunk,

250 Va. 27, 34, 458 S.E.2d 759, 763 (1995) ("Procedural due process guarantees that a person shall have reasonable notice and opportunity to be heard before any binding order can be made affecting the person's rights to liberty or property."); see also Klimko v. Virginia Employment Comm'n, 216 Va. 750, 757, 222 S.E.2d 559, 565 (1976) (holding that, to satisfy procedural due process, it is sufficient to provide an opportunity for a hearing and a judicial determination). Rather, Haley argues that she was not afforded procedural due process because the Board deprived her of the "right to cross-examine" and the "right to have testimony given under oath." We disagree.

As noted above, procedural due process only guarantees that an individual have an "opportunity to be heard." Id. The constitutional right to confront and cross-examine witnesses is found in the Sixth Amendment and, thus, applies only in criminal cases. Therefore, there is no general constitutional right, during that "opportunity to be heard," to cross-examine witnesses and have testimony provided under oath. Accordingly, unless those "rights" are guaranteed by statute or rule, it follows that there was no procedural due process violation in this case.

In a formal hearing, there is a statutory right to cross-examination. See Code § 2.2-4020(C). Specifically, Code § 2.2-4020 states, in part:

> A. The agency shall afford opportunity for the formal taking of evidence upon relevant fact issues *in any case in which the basic laws provide expressly for decisions upon or after hearing* and *may* do so in any case to the extent that informal procedures under § 2.2-4019 have not been had or have failed to dispose of a case by consent.
>
>   \*   \*   \*   \*   \*   \*   \*
>
> C. In all such formal proceedings the parties *shall be entitled* to be accompanied by and represented by counsel, to submit oral and documentary evidence and rebuttal proofs, *to conduct such cross-examination as may elicit a full and fair disclosure of the facts*, and to have the proceedings completed and a decision made

with dispatch. The burden of proof shall be upon the proponent or applicant.

(Emphasis added.)

In contrast, according to Code § 2.2-4019,

A. Agencies *shall* ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings *unless the named party and the agency consent to waive such a conference or proceeding to go directly to a formal hearing*. Such conference-consultation procedures shall include rights of parties to the case to (i) have reasonable notice thereof, (ii) appear in person or by counsel or other qualified representative before the agency or its subordinates, or before a hearing officer for the informal presentation of factual data, argument, or proof in connection with any case, (iii) have notice of any contrary fact basis or information in the possession of the agency that can be relied upon in making an adverse decision, (iv) receive a prompt decision of any application for a license, benefit, or renewal thereof, and (v) be informed, briefly and generally in writing, of the factual or procedural basis for an adverse decision in any case.

(Emphasis added.) In other words, where the basic laws do not provide for a formal hearing, the law does not mandate one. See EDF v. Va. State Water Control Bd., 12 Va. App. 456, 464, 404 S.E.2d 728, 732-33 (1991) (holding that "[t]he right to a formal hearing is governed by the VAPA and the basic law" and that "formal hearings are not mandatory under Code § 9-6.14:12.").[2] In fact, an agency is required to hold an informal fact-finding conference (IFF) unless both parties agree to proceed directly to a formal hearing. See Code § 2.2-4019.

Here, Haley never requested a formal hearing,[3] nor was she guaranteed one by statute. See Code § 2.2-4020. Thus, because Haley had an informal hearing pursuant to Code § 2.2-4019, we hold that Code § 2.2-4020 is inapplicable. Moreover, under the plain meaning of Code § 2.2-4019, Haley was not entitled to cross-examine the witnesses or force those witnesses

---

[2] Former Code § 9-6.14:12 is now Code § 2.2-4020.

[3] We also note that Haley failed to appear at the regularly scheduled Board meeting during which the Board was to consider her case.

- 4 -

to provide their testimony under oath.  See Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934) ("Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.").  And because there is no constitutional right to cross-examination during an informal hearing, it follows that the administrative hearing complied with the requirements of procedural due process.

## B.  Sufficiency of the Evidence

"In determining whether there is substantial evidence to support findings of fact, on appeal, the appellate court gives great deference to the agency decision."  Johnston-Willis, 6 Va. App. at 246, 369 S.E.2d at 9.  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Crutchfield, 45 Va. App. at 555, 612 S.E.2d at 254 (quoting Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)) (internal quotations omitted).  Moreover, "[u]nder the substantial evidence standard, the reviewing 'court may reject the agency's findings of fact "only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion."'"  Id. at 553, 612 S.E.2d at 253 (quoting Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)).

In this case, the trial court relied on the agency record and counsel's briefs to dismiss the petition for appeal and affirm the Board's final order and opinion.  The agency record contains Mr. Castle's summary of the IFF, which indicates that Haley, Bert Lloyd, Stephen Rochkind, and Sheri Sylvester participated in the IFF.  Based upon the testimony and the exhibits, Castle came to the following conclusions:  (1) He found unpersuasive Haley's assertion that Sylvester was upset with her because she wanted a higher appraised value of her home, (2) Sylvester did not

file the complaint with the Board, and thus had no motive to lie about never seeing Haley before the IFF, (3) because Haley testified that she was appraising fifteen to twenty homes a week, there is a plausible reason why Lloyd may have conducted the appraisal, and (4) Haley and Lloyd's testimony was "evasive" and "unconvincing." Cleary, there was credible evidence to support the conclusion that Haley did not perform the appraisal, and, thus, we hold that the trial court did not err in dismissing the petition for appeal.

## CONCLUSION

Haley never requested a formal hearing, as permitted under Code § 2.2-4020, and thus was not entitled to cross-examination or testimony under oath pursuant to Code § 2.2-4019. Moreover, there is credible evidence in the record to support the trial court's decision to dismiss Haley's petition for appeal. Accordingly, we affirm the judgment below.

<u>Affirmed.</u>