COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


WILLIE TWYMAN

                                                        MEMORANDUM OPINION[*]
v.        Record No. 2595-07-2                            PER CURIAM
                                                        AUGUST 12, 2008
COMMISSIONER, VIRGINIA DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Melvin R. Hughes, Jr., Judge

              (Patricia A. Cannon, on brief), for appellant.

              (Robert F. McDonnell, Attorney General; David E. Johnson, Deputy
              Attorney General; Kim F. Piner, Senior Assistant Attorney General;
              Allen T. Wilson, Special Counsel, on brief), for appellee.


        Willie Twyman appeals from the circuit court's September 27, 2007 order finding there

was "substantial evidence to support the findings and decision of the administrative hearing

officer," and upholding the administrative law judge's finding that Twyman sexually abused a

child in his care.  On appeal, Twyman contends the trial court erred by finding the agency record

contained substantial evidence supporting the finding.  Upon reviewing the record and briefs, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

        On January 23, 2004, the Henrico County Department of Social Services received a

complaint alleging appellant had sexually abused C.T.  Pursuant to Code § 63.2-1505, the

department investigated the complaint and on March 26, 2004, made a disposition of founded

sexual abuse, Level one.  The proceedings were stayed pending the conclusion of related

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

criminal charges and on September 20, 2005, the department informed appellant that the disposition was sustained. An appeal to the Commissioner of the Virginia Department of Social Services resulted in a decision, issued on July 10, 2006, sustaining the disposition of the local department. Thereafter, appellant appealed the hearing officer's decision to the circuit court. The circuit court heard arguments on April 24, 2007 and in a September 27, 2007 final order, found that "there is substantial evidence to support the findings and decision of the administrative hearing officer." This appeal followed.

On appeal from the decision of an administrative agency, "[t]he reviewing court will view 'the facts in the light most favorable to sustaining the [agency's] action,' and 'take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.'" Jones v. West, 46 Va. App. 309, 323, 616 S.E.2d 790, 797 (2005) (quoting Atkinson v. Virginia Alcohol Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985); Code § 2.2-4027).

"Judicial review of a child protective services founded disposition of child abuse is governed by the Administrative Process Act (APA), codified at Code §§ 2.2-4000 to 2.2-4033. See Code § 63.2-1526(B). Accordingly, 'the burden is upon the appealing party to demonstrate error.'" West, 46 Va. App. at 322-23, 616 S.E.2d at 797 (quoting Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998)). "'Founded' means that a review of the facts shows by a preponderance of the evidence that child abuse and/or neglect has occurred." 22 VAC 40-705-10.

"[T]he substantiality of the evidentiary support for findings of fact" is among the "error[s] of law subject to review by the court." Code § 2.2-4027. "Review of agency factual decisions is governed by the 'substantial evidence' test." Turner v. Jackson, 14 Va. App. 423, 429, 417 S.E.2d 881, 886 (1992) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242,

369 S.E.2d 1, 6 (1988)). "Under this standard, the scope of review is limited to ascertaining whether there was substantial evidence in the agency record to support the decision." Id. at 429-30, 417 S.E.2d at 886. "The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Johnston-Willis, Ltd., 6 Va. App. at 242, 369 S.E.2d at 7.

We hold that the evidence in the agency record, taken as a whole, was such that a reasonable mind would not necessarily reach a different conclusion than that reached by the hearing officer.

C.T. repeatedly and consistently reported that appellant fondled his genital area on several occasions. The police officer to whom C.T. initially spoke regarding the accusations noted the child "was scared to death," and the child protective services investigator who interviewed C.T. explained the child had "remained consistent about all of this."

Appellant attacked C.T.'s credibility by introducing a number of documents relating to C.T.'s mental health diagnosis. The reports predated the abuse by over three years, and the hearing officer explained the reports were "generally outdated" making "their information less relevant." Appellant provided inaccurate statements following the initial accusations.

In its letter opinion, the circuit court noted that "there is evidence upon which a reasonable mind could come to the conclusion obtained before the agency." We agree. The agency found C.T.'s detailed and consistent account of sexual abuse believable and rejected appellant's denials that the inappropriate contact had occurred. The record fully supports the agency's decision, and we find no error in the trial court's affirmation of the agency finding.

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed.