COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Humphreys and Beales


DONNA M. CONNER

                                                              MEMORANDUM OPINION[*]
v.        Record No. 0380-08-1                                     PER CURIAM
                                                                AUGUST 5, 2008
COMMONWEALTH OF VIRGINIA/
  DEPARTMENT OF SOCIAL SERVICES


                        FROM THE CIRCUIT COURT OF YORK COUNTY
                                  Prentis Smiley, Jr., Judge

                (Donna M. Conner, *pro se*, on brief).

                (Robert F. McDonnell, Attorney General; David E. Johnson, Deputy
                Attorney General, Kim F. Piner, Senior Assistant Attorney General;
                Allen T. Wilson, Senior Assistant Attorney General, on brief), for
                appellee.


        Donna M. Conner appeals from a decision of the circuit court affirming the

administrative hearing decision of the Commonwealth of Virginia, Department of Social

Services (DSS) sustaining the York-Poquoson Department of Social Services' ("the local

agency") imposition of a sanction by suspending Conner's Temporary Assistance for Needy

Families (TANF), due to her failure to comply with the Virginia Initiative for Employment not

Welfare (VIEW) job search requirements.

        Conner's opening brief presents eight questions for our consideration. Questions 1, 2, 4,

and 7 relate to Conner's general contention that the circuit court judge either failed to explain

himself when he told her that a judgment could not be reached unless she cited "an error of law,"

or that the circuit court judge erred in requiring Conner to "quote an error of law." Based upon

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Conner's written objection contained in the circuit court's final order, we will presume Conner preserved those questions for appellate review.[1]  However, with respect to Questions 3, 5, 6, and 8, the record does not reflect that Conner raised those specific questions, arguments, or objections in a timely manner before the circuit court in order to preserve them for appellate consideration.  Accordingly, Rule 5A:18 bars our consideration of Questions 3, 5, 6, and 8.[2]

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Thus, for purposes of this appeal, we will consider Questions 1, 2, 4, and 7.  With respect to those questions, upon reviewing the record and the parties' briefs, we find this appeal is without merit.  Accordingly, we summarily affirm the circuit court's decision.  See Rule 5A:27.

On appeal from the decision of an administrative agency, "[t]he reviewing court will view 'the facts in the light most favorable to sustaining the [agency's] action,' and 'take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.'"  Jones v.

---

[1] Conner asserted in her written objection to the circuit court's final order that while the circuit court judge told her she had to cite an error of law under the Administrative Process Act, he failed to make it "sound as if it was imperative to do this for a reason or decision to be reached."  Conner further asserted in her handwritten objection that she found out "to[o] late," and she "didn't add another word to complaint," but "would have if [she] knew it was that important."

[2] We note there is no transcript in the record of any argument made to the circuit court. In addition, the Written Statement of Facts contained in the record does not show that Conner preserved Questions 3, 5, 6, and 8 for appellate consideration.

West, 46 Va. App. 309, 323, 616 S.E.2d 790, 797 (2005) (quoting Atkinson v. Virginia Alcohol Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985); Code § 2.2-4027).

Judicial review of the local agency's action in this case is governed by the Administrative Process Act (APA), codified at Code §§ 2.2-4000 through 2.2-4031. See Code § 63.2-519. "Accordingly, 'the burden is upon the appealing party to demonstrate error.'" Jones, 46 Va. App. at 323, 616 S.E.2d at 797 (quoting Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998)); see also Code § 2.2-4027 ("burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court").

"[T]he substantiality of the evidentiary support for findings of fact" is among the "error[s] of law subject to review by the court." Code § 2.2-4027(iv). "Review of agency factual decisions is governed by the 'substantial evidence' test. Under this standard, the scope of review is limited to ascertaining whether there was substantial evidence in the agency record to support the decision." Turner v. Jackson, 14 Va. App. 423, 429-30, 417 S.E.2d 881, 886 (1992) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 6 (1988)). "The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Johnston-Willis, Ltd., 6 Va. App. at 242, 369 S.E.2d at 7.

The record shows that after considering documentary and testimonial evidence, the administrative hearing officer issued a written decision on May 1, 2007, which contains a summary of the evidence. In that decision, the administrative hearing officer made the following findings and conclusions: (1) Conner was aware of her requirement to participate in the VIEW program, and she did not provide evidence of an exemption from that program; (2) the local agency's action of requiring Conner to conduct a job search was consistent with policy; (3) Conner did not have good cause for her failure to comply with the required job search, where,

although she stated she was unable to participate due to various circumstances beyond her control, she provided no evidence, documentation or statements capable of substantiating her claims; and (4) because Conner failed to complete the required job search and return the related forms by the required date, the imposition of the sanction by the local agency was consistent with policy. Conner appealed that decision to the circuit court.

DSS filed a demurrer to Conner's petition for appeal. The circuit court considered the demurrer at a hearing held on August 27, 2007. As a result of that hearing, the circuit court entered an order on September 25, 2007, denying in part and sustaining in part DSS's demurrer, based on its finding that Conner's petition for appeal failed to comply with the requirements of Code § 2.2-4027. In its September 25, 2007 order, the circuit court allowed Conner leave to file an amended petition for appeal to set forth an error of law for the court to review as stated in Code § 2.2-4027. Conner failed to file an amended petition for appeal, and DSS filed a second demurrer.

On November 2, 2007, the circuit court held a hearing on Conner's appeal. In its final order, entered on November 14, 2007, the circuit court found that Conner failed to comply with its September 25, 2007 order. However, "[n]otwithstanding that failure, the [circuit] court [found] it appropriate to review the agency records to determine if an error of law exists." The circuit court "conducted a complete review of the agency record" and found "in accordance with Virginia Code § 2.2-4027 there is substantial evidence to support the findings of the administrative hearing officer," and sustained that decision.

Initially, we find Conner's assertion that the circuit court erred in requiring her to "quote an error of law" is moot, as the circuit court conducted a complete review of the administrative hearing record, notwithstanding Conner's failure to comply with its September 25, 2007 order.

- 4 -

Furthermore, taking into account the standard of review as set forth above and upon our review of the evidence in the agency record, we conclude that the evidence, taken as a whole, was such that a reasonable mind would not necessarily reach a different conclusion than that reached by the hearing officer.  The record establishes that as part of the TANF program, Conner is required to engage in a job search, but failed to do so.  Moreover, she failed to present evidence constituting good cause to excuse her failure to participate in the required job search.  Accordingly, we summarily affirm the circuit court's decision sustaining the administrative hearing officer's decision.

<u>Affirmed.</u>